UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT


No. 95-1356

ORKIN EXTERMINATING COMPANY, INC.
D/B/A ORKIN LAWN CARE,

Plaintiff, Appellant,

v.

ARTHUR WALTER RATHJE, III,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy J. Gertner, U.S. District Judge] 



Before

Cyr, Circuit Judge, 
Bownes, Senior Circuit Judge, 
and Boudin, Circuit Judge. 



Richard P. Decker, with whom David H. Woodham, Decker & Hallman, 
and James E. Riley, Jr., Of Counsel, were on brief for Orkin 
Exterminating Company, Inc.
Philip A. Tracy, Jr., with whom Paul T. Prew and DiMento & 
Sullivan, were on brief for appellee. 



December 20, 1995


BOWNES, Senior Circuit Judge. Plaintiff-appellant, BOWNES, Senior Circuit Judge. 

Orkin Exterminating Company, Inc. ("Orkin") operates a

nationwide chemical application lawn care business.

Defendant-appellee, Arthur Walter Rathje, III, was the

manager of the Hingham, Massachusetts, branch office from

May, 1987, until his resignation on April 9, 1993. In the

winter of 1992, defendant's wife created a business entity

called "Nature's Way," later changed to "Global Green"

(collectively - Global). Global was in the chemical

application lawn care business and operated in the same area

as did Orkin's Hingham branch.

On August 3, 1993, Orkin sued defendant, Arthur

Rathje, and his wife, Karen, on the following grounds: (1)

defendant, Arthur Rathje, while an employee of Orkin breached

his fiduciary duty to Orkin by working for Global as a

management employee; (2) defendant Arthur Rathje engaged in

unfair trade practices while an employee of Orkin in

violation of Mass. Gen. Laws Ann. ch. 93A 3 (West 1984);

(3) defendant, Arthur Rathje, converted property owned by

Orkin; (4) Karen Rathje tortiously interfered with the

business relationship between defendant, Arthur Rathje, and

Orkin; and (5) Karen Rathje converted property owned by

Orkin.

The case was tried to a jury and all claims were

submitted to the jury. It found in favor of Karen Rathje on

-2- 2

all claims against her. No appeal has been taken from these

verdicts. The jury found for defendant, Arthur Rathje, on

the conversion claim. No appeal has been taken from this

verdict.

The jury could not agree on the breach of fiduciary

duty claim, nor on the claim brought under Mass. Gen. Laws

Ann. ch. 93A. Both claims had been submitted to the jury on

an advisory basis. With the acquiescence of counsel, the

district court decided these two claims. It is from the

findings and rulings of the district court on these claims

that Orkin appeals.

Breach of Fiduciary Duty Breach of Fiduciary Duty 

Under Massachusetts law, "[e]mployees occupying

positions of trust and confidence owe a duty of loyalty to

their employer and must protect the interests of the

employer." Chelsea Indus., Inc. v. Gaffney, 389 Mass. 1, 11 

(1983). It follows that "an executive employee is 'barred

from actively competing with his employer during the tenure

of his employment, even in the absence of an express covenant

so providing.'" Id. at 11-12 (citations omitted). 

Under Massachusetts law there are two remedies

available to an employer for breach of fiduciary duty by an

employee. If the conduct caused a loss to the employer, it

can recover as damages the amount of such loss. Augat, Inc. 

-3- 3

v. Aegis, Inc., 409 Mass. 165, 175 (1991); Meehan v. 

Shaughnessy; Cohen, 404 Mass. 419, 436 n.14 (1989). 

The second remedy is forfeiture of compensation by

the employee during the period of breach of fiduciary duty.

An employee "can be required to forfeit the right of

compensation even absent a showing of actual injury to the

employer." Chelsea Indus., Inc. v. Gaffney, 389 Mass. at 12- 

13.

We discuss the district court's findings and

rulings seriatim. 

We agree with the district court's conclusion that

defendant breached his fiduciary duty of loyalty to Orkin by

helping his wife operate a lawn care business in competition

with the Orkin branch office which he managed. There is no

need to restate the factual findings leading to this

conclusion. They are set forth clearly and explicitly in the

district court opinion and we adopt them.

The district court further found that Orkin had not

proven that defendant's conduct, reprehensible as it may have

been, caused any damage to Orkin. It held that Orkin did not

prove a causal connection between defendant's conduct and its

claim that the branch office defendant managed became

worthless. We have reviewed the trial record carefully and

can find no basis for setting the conclusion aside as clearly

erroneous.

-4- 4

Plaintiff's expert testified that the branch office

was worth a minimum of $106,000 in 1990 and in 1993 had no

value at all. Two of the factors he considered were material

and equipment that disappeared from the branch office during

defendant's tenure as manager. This was the basis of

plaintiff's conversion count. But the jury found for

defendant on the conversion claim and that verdict has not

been appealed. The missing equipment, materials, and

supplies, if such there was, cannot be attributed to

defendant. And as the district court pointed out, there was

persuasive evidence that during the period defendant was

wearing two hats, the branch office prospered. During this

time, business expanded and profits increased. Defendant

received two bonuses during the implicated period - April

1992 - April 1993. None of defendant's superiors complained

about his work; in fact, his managerial talents were lauded.

And it must be noted that defendant resigned voluntarily;

there is no evidence that he was pressured into doing so.

Defendant may have breached his fiduciary duty to Orkin, but

there is evidence in plentitude from which it could be found

that such breach caused no harm to Orkin.

We next address the district court's finding that

Orkin could not recover the compensation paid defendant

during the period he breached his fiduciary duty - April 1,

1992 to April 9, 1993. There is no dispute about the period

-5- 5

of time during which the breach of fiduciary duty took place.

The court found: "[T]he value of his [defendant's] work was

equivalent to his salary notwithstanding what he was doing

for his wife's small business. Therefore, Mr. Rathje

satisfied his burden of showing that the value of the work he

performed for Orkin equalled the compensation he received

during the period he breached his duty of loyalty."

We turn to the applicable Massachusetts law. In

Chelsea Indus., Inc. v. Gaffney, the court held that "unless 

defendants proved the value of their services, the plaintiff

was entitled to recover their entire compensation." 289

Mass. at 14. The court then went on to note that, although

given the opportunity to do so, defendants had failed to

present evidence as to the fair value of their services. Id. 

at 15. In Meehan v. Shaughnessy, the court held that a 

fiduciary may be required to repay only that portion of his

compensation that exceeded the worth of his services to his

employer. 404 Mass. at 441. Clearly, under Massachusetts

law the employee must prove the value of his/her services

during the breach period.

We hesitate to set aside the factual finding of the

district court that defendant "satisfied his burden of

showing that the value of the work he performed for Orkin

equalled the compensation he received during the period he

breached his duty of loyalty." But we are persuaded that the

-6- 6

finding is clearly erroneous for two related reasons. First,

there was no explicit evidence as to the fair value of

defendant's services during the period of breached loyalty as

would seem to be required under Massachusetts law. This

standing alone, however, would not render the finding clearly

erroneous. There was evidence which, in the ordinary case,

would suffice to sustain the district court's finding despite

the lack of explicit evidence by defendant that the salary

paid to him during the period equalled the fair value of the

services performed.

This, however, is not the ordinary case. Because

of the court's finding that defendant's energies were

diverted away from his responsibilities to Orkin, and given

the burden on him to prove the value of his services, the

court's finding that he was worth everything Orkin paid him

is very hard to credit. It could be argued that Orkin set up

fairly precise standards for measuring the job performance of

an employee in defendant's position and that defendant

satisfied them. There may be certain jobs where it is

possible to measure an employee's performance so accurately

that evidence of the employer's positive evaluation would

sustain a finding that the amount paid the employee would

equal the fair value of his services. But this is not such a

case.

-7- 7

In this case, such a measurement was not possible.

As a branch office manager, defendant not only operated with

relatively little direct monitoring, but also contributed to

the criteria used to judge his performance. In a "1st

quarter review letter" authored by defendant, dated March 27,

1993, which was within the breached-loyalty period, he

stated, in effect, that he was ahead of Orkin's goal for

customer confirmations and its profit/loss target. The

evidence establishes that defendant helped formulate his own

branch office goals. 

We think it was error for the district court to

place the emphasis it did on the bonuses paid defendant by

Orkin and the positive evaluation he received because they

were based on Orkin's mistaken belief that defendant was

putting his undiluted efforts into its business. Had

defendant not deceived his employer, it is clear that its

perception of his value to the company would have been

altered. We therefore hold that it was clearly erroneous for

the district court to find that the fair value of defendant's

services to Orkin was unimpaired. The court failed to give

proper weight to its own finding, solidly supported in the

record, that defendant diverted an appreciable amount of his

time and energy from Orkin's business to a competing business

owned and operated by him and his wife. And the court

apparently failed to factor into its finding the heavy burden

-8- 8

on defendant to prove that his work was worth the full amount

paid him by Orkin.

We recognize that the evidence credited by the

district court indicates that defendant's services were worth

something to Orkin. But under our reading of the record and

our understanding of Massachusetts law, this must be less

than the full amount paid. A remand is, therefore,

necessary. Although the court's calculation will necessarily

be imprecise, it is well within the capability of the trial

judge to make. We will, of course, give substantial

deference to a reasonable finding by the court.

The district court also committed clear error in

another respect. It found in footnote six of its opinion

that "Orkin submitted no evidence reflecting the compensation

paid Mr. Rathje during the relevant period." The relevant

period was from April 1, 1992 to April 9, 1993. In fact,

Exhibit T shows that defendant was paid $45,000, including

bonuses, from January 1, 1992 to December 31, 1992, and

$13,905.29 for the period January 1, 1993 to April 9, 1993.

Although this does not cover the relevant period precisely,

it is sufficiently complete so that the amount of

compensation paid during the relevant period can be prorated

and accurately determined. 

The 93A Claim The 93A Claim 

-9- 9

Chapter 93A 11 of Mass. Gen. Laws Ann. (West

1984) provides:

Any person who engages in the conduct of
any trade or commerce and who suffers any
loss of money or property, real or
personal, as a result of the use or
employment or by another person who
engages in any trade or commerce of an
unfair method of competition or an unfair
or deceptive act or practice declared
unlawful by section two ... may ... bring
an action in the superior court ... for
damages and equitable relief...

The district court held that because Orkin failed

to prove a causal connection between defendant's conduct and

harm, if any, to Orkin, there was no 93A violation. We

agree. As already pointed out, there was evidence from which

it could reasonably be found that the Orkin branch, operated

by defendant during the time he aided and abetted his wife in

competition with Orkin, prospered. See supra. It is beyond 

peradventure that "there must be a causal connection between

seller's deception and the buyer's loss." Kohl v. Silver 

Lake Motors, Inc., 369 Mass. 795, 800-01 (1976); Shepard's 

Pharmacy v. Stop & Shop Companies, Inc., 37 Mass. App. Ct. 

516, 522 (1994); PDM Mechanical Contractors, Inc. v. Suffolk 

Constr. Co., Inc., 35 Mass. App. Ct. 228, 237 (1993).  

Affirmed in part. Remanded for the district court Affirmed in part. Remanded for the district court 

to determine an appropriate amount of defendant's salary for to determine an appropriate amount of defendant's salary for 

reimbursement to Orkin. reimbursement to Orkin. 

No costs to either party. No costs to either party. 

-10- 10